UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JEREMY WHEELER, Plaintiff

v. Civil Action No. 3:18-cv-P774-RGJ

STEVE WHITE, Defendant

\* \* \* \* \*

**<u>MEMORANDUM OPINION</u>**

Upon filing the instant action, Plaintiff Jeremy Wheeler, who is proceeding *pro se*, assumed the responsibility of keeping this Court advised of his current address and of actively litigating his claims. *See* LR 5.2(e) ("All pro se litigants must provide written notice of a change of residential address . . . to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions.").

On December 26, 2018, the copy of an Order sent to Plaintiff at the Oldham County Jail was returned to the Court by the U.S. Postal Service with a label on the envelope indicating "Returned To Sender, Not Deliverable As Addressed, Unable to Forward" and with a stamp on the envelope indicating "Return to Sender, Inmate No Longer Here" (DN 6). Plaintiff apparently is no longer housed at his address of record, and he has not advised the Court of a change of address. Therefore, neither orders from this Court nor filings by Defendant in this action can be served on Plaintiff.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district

court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because Plaintiff has failed to comply with this Court's Local Rules by failing to provide written notice of a change of address, the Court concludes that this case must be dismissed for lack of prosecution. *See, e.g.*, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) ("[Plaintiff's] complaint was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address.").

The Court will enter a separate Order of dismissal. This matter could be reopened if so requested in a timely manner.

Date:


cc: Plaintiff, *pro se*
A961.005